# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIUS AUGUSTINUS KENNETH PEYTON, a.k.a. Ellis, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT SPIELMAN, <br> Deputy District Attorney for the County of Kern, <br><br> Defendant. | 1:07-cv-0477-OWW- NEW (TAG) <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2) <br><br> ORDER DIRECTING THE CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF <br><br> ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS TO THE COURT |

Plaintiff Aurelius Augustinus Kenneth Peyton ("Plaintiff") is proceeding pro se with a civil rights action, pursuant to 42 U.S.C. § 1983, against Kern County Deputy District Attorney Scott Spielman ("ADA Spielman"). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

Plaintiff's complaint alleges that ADA Spielman knew, or should have known, based on a pre-trial motion and the attendant hearing, which he witnessed, that the investigating police detective provided false and misleading evidence, and suborned perjury, to ensure that criminal charges would be brought against Plaintiff. (Doc. 1). Plaintiff contends that, despite his knowledge of the fabricated evidence, ADA Spielman did not dismiss the charges, but, instead, elected to continue his prosecution of Plaintiff. (Doc. 1).

The Court finds that Plaintiff's "Application to Proceed in Forma Pauperis by a Prisoner," wherein he reports no income and an average trust account balance of $23.38 at Kern County Sheriff's Detention Facility, satisfies the indigency requirements of 28 U.S.C. § 1915(a)(1) and that Plaintiff is unable to pay the costs of commencing this action. See Pitts v. Delaware, Slip

1  Copy, 2005 WL 1806434 (D. Del. 2005)($600 per month in disability benefits satisfies section
2  1915(a)); D'Alessandro v. Brann & Isaacson, Slip Copy, 2005 WL 1642582 (D. Del.
3  2005)($1,250 per month in disability benefits satisfies section 1915(a)); Calhoun v. Health &
4  Human Services, 844 F. Supp. 1338, 1339 (E.D. Wisc. 1994)($316 per month of assistance
5  benefits and food stamps satisfies 28 U.S.C. § 1915(a)).

6        Having concluded that Plaintiff is entitled to proceed in forma pauperis under section
7  1915(a)(1), this Court must still "screen" plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B),
8  which requires the dismissal of a case at any time if the court determines that it (1) "is frivolous
9  or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks
10  monetary relief against a defendant who is immune from such relief."  28 U.S.C.
11  §1915(e)(2)(B)(i),(ii), and (iii).

12        A claim is frivolous if it lacks an arguable basis either in law or fact.  Neitzke v.
13  Williams, 490 U.S. 319, 324 (1989).  A frivolous claim is based on an inarguable legal
14  conclusion or a fanciful factual allegation.  Id.  A federal court may dismiss a claim as frivolous
15  if it is based on an indisputably meritless legal theory or if the factual contentions are clearly
16  baseless.  Id.  The test for malice is a subjective one that requires the Court to determine whether
17  the applicant is proceeding in good faith.  Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46,
18  (1915); see Wright v. Newsome, 795 F.2d 964, 968 n.1 (11th Cir. 1986).  A lack of good faith is
19  most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-
20  free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests
21  an intent to vex the defendants or abuse the judicial process by relitigating claims decided in
22  prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or
23  contains disrespectful references to the Court, id.; or if it contains untrue material allegations of
24  fact or false statements made with knowledge and an intent to deceive the Court, Horsey v.
25  Asher, 741 F.2d 209, 212 (8th Cir. 1984).

26        Here, the thrust of Plaintiff's complaint is that ADA Spielman, despite his knowledge that
27  fabricated evidence was used to wrongfully charge Plaintiff with a crime, refused to dismiss the
28  charges.  According to Plaintiff, ADA Spielman's act, or failure to act, resulted in Plaintiff's

continued incarceration, in violation of his rights to due process. (Doc. 1). Plaintiff seeks, <u>inter alia</u>, injunctive relief enjoining the prosecution from proceeding, punitive damages, and attorneys fees. (Doc. 1).

The Civil Rights Act provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding to redress.

42 U.S.C. § 1983.

Plaintiff's claim against ADA Spielman alleges a due process violation. The claims are neither frivolous nor malicious. As to whether plaintiff's complaint states a claim on which relief may be granted, Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u> Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. <u>Walker v. South Cent. Bell Telephone Co.</u>, 904 F.2d 275, 277 (5th Cir. 1990); <u>Lewis v. ACB Business Service, Inc.</u>, 135 F.3d 389, 405-406 (6th Cir. 1998). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443,

447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Moreover, although prosecutors are absolutely immune from liability for damages for activities that are intimately associated with the judicial phase of the criminal process, Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 995 (1976), this immunity does not extend to actions seeking injunctive relief. See Pullman v. Allen, 466 U.S. 522, 541-542 (1984) (claim against a state court judge); Altman v. Kelly, 28 F.Supp.2d 50, 53 (D.Mass. 1998) (acknowledging that plaintiffs could seek equitable relief in action against district attorneys but dismissing case on other grounds).

Under the above-mentioned standard, this Court finds that Plaintiff has stated a cognizable section 1983 claim against defendant ADA Spielman.

IT IS THEREFORE ORDERED that

I.  Motion to Proceed in Forma Pauperis

(A)  Plaintiff's request to proceed in forma pauperis (Doc. 2) IS GRANTED;.

(B)  In accordance with 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action.[1]  This order assesses an initial partial filing fee of $3.00. 28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2); and

(C)  The fee shall be collected and paid in accordance with this Court's order to the Kern County Sheriff's Department, filed concurrently herewith.

II.  Service of the Complaint

(A)  Directions to the Clerk and to Plaintiff

(1) The Clerk of the Court shall send Plaintiff a USM-285 form and a summons for

---

[1] The statutory filing fee for all civil actions except applications for writs of habeas corpus is $350.00. See 28 U.S.C. § 1914(a).

4

each of the named defendants, along with an instruction sheet, a notice of submission of documents, and a copy of the complaint filed in this Court.

    (2) Within thirty days from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summonses;

    b. One completed USM-285 form for each of the named defendants; and

    c. Three copies of the endorsed complaint filed in this Court.

Plaintiff need not attempt service on defendants and need not request waiver of service. **Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action and/or the defendants named therein for failure to obey this Court's order. Local Rule 11-110.**

IT IS SO ORDERED.

Dated:  **April 26, 2007**                                    **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE