# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIUS AUGUSTINUS KENNETH PEYTON, a.k.a. ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT SPIELMAN,<br>Kern County Deputy District Attorney,<br><br>Respondent. | 1:07-cv-00477-OWW-TAG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT (Doc. 1)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

## PROCEDURAL HISTORY

On March 27, 2007, pro se prisoner Aurelius Augustinus Kenneth Peyton ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, against Kern County Deputy District Attorney Scott Spielman ("Defendant").

Plaintiff's complaint alleges that Defendant knew, or should have known, based on a pre-trial motion and the hearing held pursuant to that motion, that the investigating police detective provided false and misleading evidence, and suborned perjury, to ensure that criminal charges would be brought against Plaintiff. (Doc. 1). Specifically, Plaintiff alleges that Defendant learned of these facts during the pre-trial hearing at which Plaintiff successfully made a prima facie showing that Defendant's lead investigator, Bakersfield Police Department Detective Jeffrey Burdick, had engaged in acts of dishonesty by manipulating the victim's review of a

photographic lineup to encourage her to identify Plaintiff as the perpetrator, and by preparing a false police report indicating that he had shown the victim a picture of Plaintiff's car and that the victim told Burdick that she remembered the car, when in fact the victim did not recall seeing the car. (Doc. 1, Addendum IV).

Plaintiff alleges that Defendant's presence at this hearing proves that he reasonably knew or should have known that the evidence he would rely on during the criminal prosecution was false. Plaintiff alleges that Defendant, despite his knowledge of the fabricated evidence, did not dismiss the charged but instead elected to continue his prosecution of Plaintiff. (Doc. 1). Plaintiff seeks (1) a temporary and a permanent injunction enjoining Defendant, the Kern County District Attorney's Office, and the Kern County Superior Court from proceeding with the criminal prosecution against Plaintiff; (2) a jury trial on his civil rights complaint; (3) punitive damages from Defendant; and (4) costs and attorney fees. (Doc. 1, Addendum V).

On April 27, 2007, after initially screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court concluded that the complaint stated a claim on which relief may be granted that was not frivolous and did not involve a defendant who is immune from such relief. (Doc. 4). Based on that conclusion, the Court ordered the case to proceed. (Id.). On May 16, 2007, the Court issued another order requiring the United States Marshal to serve copies of the complaint on Defendant. (Doc. 8). On October 9, 2007, Plaintiff filed a motion for extension of time for service and for enforcement of service. (Doc. 10).

On October 25, 2007, the Court reconsidered the orders of April 27, 2007 and May 16, 2007, and issued an order that vacated those two earlier orders. (Doc. 13). In that same order, the Court denied as moot Plaintiff's motion for an extension of time for service and for enforcement of service by the U.S. Marshal. (Id.).

## DISCUSSION

**A. Failure To State A Claim Under § 1983.**

The Civil Rights Act provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction

>   thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding to redress.

42 U.S.C. § 1983.

The gravamen of Plaintiff's claim is that Defendant knew or should have known that Burdick manipulated the victim's review of the photographic lineup and prepared a false report in which he attributed to the victim statements about Plaintiff's car that he knew were untrue. (Doc. 1, Addendum IV). As a result, Plaintiff continues, Defendant knew or should have known that the criminal case against Plaintiff "was initiated...by Detective Burdick on the basis of false evidence deliberately fabricated by the government in violation of [Plaintiff's] due process right not to be subjected to criminal charges on said basis." (Id.).

None of these claims, however, are supported by the facts alleged in the complaint. Rather, the facts alleged in the complaint, if proven, would establish only that Defendant was present on February 21, 2007 at a pre-trial discovery hearing in the Superior Court of Kern County, during which the trial judge considered and granted Plaintiff's discovery motion. As explained below, the mere granting of Plaintiff's motion does not establish a civil rights violation.

In 1974, in Pitchess v. Superior Court, 11 Cal. 3d 531 (1974), the California Supreme Court held that a criminal defendant could "compel discovery" of certain relevant information in the personnel files of police officers by making "general allegations which establish some cause for discovery" of that information and by showing how it would support a defense to the charge against him. Warrick v. Superior Court, 35 Cal.4th 1011, 1019 (2005). In 1978, the California Legislature codified the holding in Pitchess by enacting Evidence Code §§ 1043-1045. Id. To initiate such discovery, a defendant must file a motion (a "Pitchess motion") supported by affidavits showing "good cause for the discovery," first by demonstrating the materiality of the information to the pending litigation, and second by "stating upon reasonable belief" that the police agency has the records or information at issue. Id.; Cal. Evid. Code, § 1043(b)(3).

If the trial court finds good cause for the discovery, it reviews the pertinent documents in chambers and discloses only that information falling within the statutorily defined standards of

relevance.  Warrick, 35 Cal.4th at 1019.   The court may not disclose complaints more than five years old, or the "conclusions of any officer" who investigates a citizen complaint of police misconduct, or facts "so remote as to make [their] disclosure of little or no practical benefit." Cal. Evid. Code § 1045(b).  Typically, the trial court discloses only the names, addresses, and telephone numbers of individuals who have witnessed, or have previously filed complaints about, similar misconduct by the officer.  Warrick, 35 Cal.4th at 1019.

To show good cause under § 1043 at a Pitchess hearing, defense counsel's declaration must propose a defense or defenses to the pending charges and also describe a factual scenario supporting the claimed officer misconduct.  Id. at 1024.  The court then determines whether defendant's averments, "[v]iewed in conjunction with police reports" and any other documents, suffice to "establish a plausible factual foundation" for the alleged officer misconduct and to "articulate a valid theory as to how the information sought might be admissible" at trial.  Id.

All of the foregoing, however, is merely a prerequisite to granting an in camera review of the officer's personnel files.  Id. at 1026.  Nothing in the foregoing process suggests that, at a Pitchess hearing, the trial court even addresses, much less makes a final determination, regarding whether the officer in question has in fact been guilty of misconduct, lying, falsifying evidence, or other illegal behavior *in the defendant's case*.  Rather, that factual determination will ultimately be made by a jury while considering all of the evidence of guilt and innocence adduced during the trial.

In other words, the granting of a Pitchess motion merely gives a defendant the right to obtain certain information, e.g., names, addresses, and telephone numbers, of citizens who have previously filed certain types of complaints against the officer.  It is simply one discovery tool in an ongoing criminal prosecution.  It does not involve a determination regarding the legality or illegality of the officer's conduct in that case, and the trial court's preliminary determination that Plaintiff has made a prima facie showing of relevancy to justify obtaining otherwise confidential personnel records is not tantamount to a finding of fact that Burdick committed any impropriety, let alone a violation of Plaintiff's civil rights.

//

This latter fact is fatal to Plaintiff's claim because, as the sole basis for alleging that Defendant "knew or should have known" that Burdick was engaged in falsifying evidence and tainting the photographic identification process, Plaintiff points to the fact that Defendant attended the Pitchess hearing and was aware that the trial court granted the Pitchess motion. As discussed above, however, neither fact is probative of whether Burdick actually engaged in conduct that would undermine the criminal prosecution, nor are they probative of whether Defendant knew or should have known that his case may therefore have been compromised by illegal police conduct.

Significantly, Plaintiff does not allege that the trial court or a jury found that Detective Burdick had actually falsified the victim's statement in his report or that he had improperly influenced the victim while viewing the photographic lineup. Those determinations will have to be made, if at all, at trial following presentation of all of the evidence to the jurors. The fact, however, the Defendant was aware that the trial court had found that the Plaintiff had made a sufficient showing at the Pitchess hearing to require an in camera review of Burdick's personnel file does not in any way establish a civil rights violation under § 1983. Accordingly, Plaintiff's complaint fails to state a claim.

**B. Abstention On The Injunctive Relief.**

However, even had Plaintiff stated a civil rights claim, the Court would be required to abstain from addressing Plaintiff's claims for injunctive relief and dismiss those claims.

A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-45 (1971); Samuels v. Mackell, 401 U.S. 66, 68- 69 (1971). Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Superior Court, Santa Clara, 883 F.2d 810, 813 (9th Cir.1989). The Younger doctrine stems from this longstanding public policy against

federal court interference with state court proceedings. <u>Younger</u>, 401 U.S. at 43.  Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. <u>Younger</u>, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); <u>Dubinka</u>, 23 F.3d at 225-226.  Nor is federal injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. <u>Perez v. Ledesma</u>, 401 U.S. 82, 83-85 (1971).

The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine whether abstention under the <u>Younger</u> doctrine is appropriate. <u>Younger</u> abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. <u>Middlesex County Ethics Comm.</u>, 457 U.S. at 432; <u>Delta Dental Plan of California, Inc. v. Mendoza</u>, 139 F.3d 1289, 1294 (9t Cir.1998); <u>Dubinka</u>, 23 F.3d at 223.

If these three requirements are met, the Court must also consider whether any of the narrow exceptions to the <u>Younger</u> abstention doctrine apply.   The Court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." <u>Dubinka</u>, 23 F.3d at 223 & 225; <u>Lebbos</u>, 883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal court need not abstain when faced with a statute that is flagrantly unconstitutional in every clause. <u>Dubinka</u>, 23 F.3d at 225.

The first requirement is satisfied here because the state proceedings have not been concluded.   Indeed, it does not appear that a criminal trial has even been conducted in the state court or that Plaintiff has been convicted of any offense based on the charges being prosecuted against him by Defendant. The second requirement is satisfied because an important state interest, that of not having the federal courts interfere in state criminal proceedings by precluding a prosecution, is at issue here. See <u>Dubinka</u>, 23 F.3d at 223. Finally, the third requirement is met because Plaintiff can address his federal constitutional claims related to the allegedly illegal

///

conduct of Detective Burdick in influencing the victim's identification of Plaintiff and his car, in the state court criminal proceedings.

Cost, anxiety, and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention. Younger, 401 U.S. at 46, 53-54. Where a district court finds Younger abstention appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction, but must dismiss. Juidice v. Vail, 430 U.S. 327, 348 (1977); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988). The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-611 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

Here, it now seems apparent that in his request for injunctive relief Plaintiff is seeking to have the Court intervene in an ongoing state criminal prosecution. This is precisely the type of circumstance to which the Younger doctrine was intended to apply. Plaintiff has not established that any exception to Younger abstention is applicable in this case, i.e., that the state court proceedings were undertaken for bad faith or for purposes of harassment. Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816. Indeed, the state criminal proceedings are currently pending and Plaintiff can raise those concerns within the context of those state court proceedings.

The Court notes that an additional basis for abstention under Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941)("the Pullman doctrine"), appears inapplicable under the facts pleaded by Plaintiff. Pullman abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 814 (1976)(citing Pullman).

Here, had Plaintiff claimed that Defendant had conspired to violate his constitutional rights during a pending criminal prosecution, a Pullman abstention would be appropriate. However, as discussed above, Plaintiff claims only that Defendant was present at the Pitchess

hearing and was aware that the trial court had granted the motion to permit discovery of Burdick's personnel file. As explained previously, this does not state a constitutional claim. Thus, there is no constitutional issue which the Court must abstain from deciding during a pending state court determination.

Accordingly, Plaintiff's claims for injunctive relief must be dismissed based on the Younger abstention doctrine.[1]

### C.  Failure To State A Claim For Monetary Relief.

Plaintiff's claim for monetary damages against Defendant must also be dismissed for failure to state a claim. Normally, "...in order to recover monetary damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

The foregoing is true when, in an action for damages in a § 1983 suit, the district court determines that a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. Heck, 512 U.S. at 488. Here, Plaintiff has alleged that Detective Burdick, the prosecution's "lead" investigator, influenced the victim to erroneously identify Plaintiff from a photographic lineup and misrepresented the victim's recollection regarding Plaintiff's car. If Plaintiff were convicted, and such allegations could be substantiated in a § 1983 suit, such conduct would necessarily imply the invalidity of the conviction, since Plaintiff's conviction would have been obtained by illegal methods, i.e., influencing the victim's

---

[1] In light of the Court's analysis, it is unnecessary to address the further problem that Plaintiff is requesting injunctive relief not only against Defendant, but also against the Kern County District Attorney's Office and the Kern County Superior Court, neither of which is a party to this action.

identification of Plaintiff and falsifying her statements.  Thus, in order to proceed with the §1983 suit, Plaintiff would have to first establish that the conviction had been reversed, expunged, declared invalid, or called into question by a federal habeas court. <u>Heck</u>, 512 U.S. at 486-487. Since Plaintiff has yet to be convicted, much less to have either successfully appealed his conviction or successfully pursued federal habeas relief, his claim for monetary damages does not, at the present time, state a claim for relief under § 1983.[2]

### D. Conclusion.

The court must dismiss a prisoner's complaint that raises claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks relief from a defendant who is immune from such relief.  28 U.S. 1915A(b)(1).  A claim is legally frivolous when it has no arguable basis in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-1228 (9th Cir. 1984).   A claim must be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  In reviewing the complaint, the court must accept its allegations as true, construe it in the light most favorable to the plaintiff,  and resolve all doubts in the plaintiff's favor.  <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976); <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

For the reasons discussed above, the Court finds that at the present time Plaintiff can prove no set of facts directed to this Defendant that would both state a claim under §1983 and also avoid the need for the Court to abstain during the pendency of the state criminal proceedings.  Plaintiff  cannot prevail on the facts that he has alleged and an opportunity to amend would be futile.  <u>Lopez v. Smith</u>, 203 F. 3d 1122, 1130 (9th Cir. 2000).  Accordingly, Plaintiff's complaint should be dismissed with prejudice.

---

[2] In light of the Court's analysis, it is unnecessary to address the problem that Plaintiff has requested only punitive damages against Defendant, and has not requested any compensatory damages.

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that Plaintiff's complaint (Doc. 1), be DISMISSED with prejudice for failure to state a claim and on abstention grounds.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 25, 2007**              /s/ **Theresa A. Goldner**
                                        UNITED STATES MAGISTRATE JUDGE